**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**STEVEN A. SWAN**

**v.** **NH CA No. 06-88 SM**
**RI MC No. 06-019 T**

**THOMAS P. COLANTUONO, WILLIAM E. MORSE, JAMES W. CHAPMAN, ROBERTA KEENAN, DONALD FEITH, AND PAUL BARBADORO**

**REPORT AND RECOMMENDATION**

Jacob Hagopian, Senior United States Magistrate Judge

Confined at Fort Devens, in Ayer, Massachusetts, *pro se* plaintiff Steven A. Swan filed a complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging violations of his Constitutional rights. In his complaint, plaintiff alleges various errors during the course of his criminal prosecution for tax evasion. Plaintiff names as defendants the U.S. judge who presided at his trial, federal prosecutors, and an Internal Revenue Service agent. As relief in this Bivens action, plaintiff seeks overturn his criminal conviction and he seeks monetary damages.

Section 1915A of Title 28 of the United States Code directs the Court to review prisoner complaints before docketing or soon thereafter to identify cognizable claims or dismiss the complaint if it fails to state a claim upon which relief can be granted. 28

U.S.C. § 1915A; See also NH LR 4.3(d)(2). Pursuant to this directive, I find that the instant complaint fails to state a claim upon which relief can be granted. [1]

Plaintiff alleges essentially that errors occurred prior to his trial and at his trial, and, as a result, his conviction and/or sentence in unlawful. However, when filing an Section 1983 or Bivens action alleging an unlawful conviction, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a tribunal authorized to make such determination, or called into question by a court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487(1994). An inmate's civil rights claim "is barred (absent prior invalidation)– no matter the relief sought ..., no matter the target of the prisoner's suit ...– if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74 (2005).

Here, neither plaintiff's conviction nor his sentence has been invalidated. A decision in this matter that the plaintiff's constitutional rights were violated during the pretrial stages or at trial would necessarily call into question the validity of his

---

[1] This writer has been designated to perform the duties specified in 28 U.S.C. Sections 636(a), (b) and (c). See 28 U.S.C. Section 636 (f).

conviction or sentence. That is something that this Court cannot do here. See id.

Moreover, to the extent that the plaintiff seeks to be released from custody, a prisoner has no cause of action under Bivens to challenge the very fact or duration of his physical imprisonment. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). His sole federal remedy lies in a writ of habeas corpus. Id.

Accordingly, for the reasons set forth above, I recommend that plaintiff's complaint be dismissed. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. FED.R.CIV.P. 72 (b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
April 18, 2006