IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STEVEN A. SWAN )
Plaintiff )
v. )
THOMAS P. COLANTUONO )
WILLIAM E. MORSE )
JAMES C. CHAPMAN, JR. )
ROBERTA KEENAN )
DONALD FEITH )
PAUL J. BARBADORO )
AND )
OTHER UNKNOWN U.S. )
GOVERNMENT OFFICIALS )

Civil No. RI CA No. 06-019 T
NH CA No. 06-088 SM

PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION
OF SENIOR MAGISTRATE JUDGE JACOB HAGOPIAN

I, Steven A. Swan, the incarcerated plaintiff in this action, proceeding pro se, hereby object to Senior Magistrate Judge Hagopian's Report and Recommendation of April 18, 2006 as follows:

1. The very first sentence of Senior Magistrate Judge Hagopian's Report and Recommendation states that I filed my Complaint and Petition for Declaratory and Further Relief pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). However, Senior Magistrate Judge Hagopian neglects to mention that this action was also brought pursuant to 28 U.S.C. §§ 1331, 2201 and 2202 in petition for declaratory and further relief. Nowhere in his Report and recommendation is this other jurisdictional basis even addressed, much less used as a basis for a report and recommendation. At the very least, this action should be allowed to pro-

ceed on this other jurisdictional basis, or, in the alternative, the Report and Recommendation should be remanded back to Senior Magistrate Judge Hagopian to address this other jurisdictional basis.

2. Senior Magistrate Judge Hagopian then goes on to recommend that my complaint be dismissed for failure to state a claim upon which relief can be granted because neither my conviction nor my sentence has first been invalidated by an authorized entity. However, a prerequisite of this type would make a mockery of the whole concept of justice and equity in the federal judicial system. I have already been illegally incarcerated for over twenty-one (21) months by a corrupt district court judge, corrupt officers of the U.S. Department of Justice, and others. If a panel of the circuit court of appeals which is considering the direct appeal of my conviction further sanctions this corruption and the injustice and inequity I am experiencing by ignoring or dismissing my appeal issues, I will be forced to suffer even further damages. The Constitution of the United States guarantees each citizen the right to due process of law. However, if this civil rights action is dismissed, the opportunity for me to take advantage of this constitutional guarantee will be greatly diminished. This action should be allowed to go forward so that substantial justice could be attempted.

WHEREFORE, I respectfully request that this Court--

A. Allow the <u>Bivens</u> portion of this action to proceed so that jus-

tice and equity will not be subverted;

B. Allow this action to proceed pursuant to my Petition for Declaratory and Further Relief, or, in the alternative, remand this action back to Senior Magistrate Judge Hagopian to address that jurisdictional basis; and

C. Provide such other and further relief as is authorized by law or equity.

Because all of the relevant information necessary for deciding this Objection to the Report and Recommendation is included herein, and because my captors provide me with very few legal research materials, I have not included a separate memorandum of law with this filing.

Copies of this Objection have not been served upon the named defendants in this case because no magistrate judge ever ordered the clerk to sign and seal the proposed summonses and return them to me so that I could serve them pursuant to New Hampshire Local Rule 4.3(b), nor have any of the named defendants responded to the Notices of Lawsuit and Requests for Waiver of Service of Summons I mailed to them.

Dated: May 25, 2006

Respectfully submitted,

Steven A. Swan

Steven A. Swan, pro se
00259-049 Camp
Federal Medical Center, Devens
P.O. Box 879
Ayer, MA 01432